**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-6656**

_____

BRYANT KELLY PRIDE,

Petitioner - Appellant,

v.

J. RAY ORMOND,

Respondent - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, Senior District Judge. (2:19-cv-00222-RBS-LRL)

_____

Submitted: May 27, 2021                                       Decided: July 7, 2021

_____

Before GREGORY, Chief Judge, HARRIS, Circuit Judge, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Bryant Kelly Pride, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryant Kelly Pride, a federal prisoner, appeals the district court's order accepting the recommendation of the magistrate judge and denying relief on Pride's 28 U.S.C. § 2241 petition, in which Pride sought to challenge his sentence by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> Section 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

We have reviewed the record and find no reversible error. Accordingly, although we grant leave to proceed in forma pauperis and grant Pride's pending motions to amend and supplement his informal brief, we affirm for the reasons stated by the district court. *Pride v. Ormond*, No. 2:19-cv-00222-RBS-LRL (E.D. Va. Feb. 21, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

2